Peelle, J.,
delivered the opinion of the court:
This action is to recover for money paid into the Treasury by reason of the disallowance by the Comptroller of money expended by the claimant as disbursing agent of the Inter *354 state Commerce Commission in the transmission of telegrams for and on behalf of the commission.
The material facts are that the claimant, as disbursing agent, paid to the several telegraph companies, set out in the findings, $73.24 and presented his account therefor, with others, in the form of itemized vouchers approved by the chairman of the commission, to the Auditor for the State and other Departments, for settlement. His accounts were settled by that officer, and the claimant was credited with the amount so paid. The Comptroller, within a year thereafter, withdrew the accounts, with others, for revision, under section 8, act of July 31, 1894 (29 Stat. L., 207); and while allowing such other accounts, disallowed the one for the money so expended for telegrams, on the ground that the claimant had not furnished thei’ewith the original telegrams or copies thereof, as required by the ruling of his office (4 Comp. Dec., 233), nor furnished in lieu thereof the certificate of the chairman of the commission that such telegrams were confidential. Neither having been furnished as required, the amount was disallowed.
None of the facts stated are controverted by the defendants. The claimant predicates his right to recover back the money paid into the Treasury, under the adverse ruling of the Comptroller, on the ground that under the last paragraph of section 7 of the “act to regulate commerce,” as amended by the act of March 2, 1889 (25 Stat. L., 855; 1 Supp. R. S., pp. 684, 690), “all of the expenses of the commission, including all necessary expenses for transportation incurred by the commissioners, or by their employees under their orders, in making any investigation, or upon official business in any other places than in the city of Washington, shall be allowed and paid on the presentation of itemized vouchers therefor approved by the chairman of the commission.” And that under that provision of the act the claimant, as disbursing agent of the commission, had no authority to inquire as to “whether the expenses for which the charge was made were, in fact, ‘ necessary,’ or whether the ‘ business ’ charged for was, in fact, ‘official;’ that these were matters, under the act of Congress, for the chairman of the commission to determine.”
*355 And, further, that the appropriation act of the same date (25 Stat. L., 939; 1 Supp. R. S., 698, par. 3), providing “that hereafter expenses of the Interstate Commerce Commission shall be audited by the proper accounting officers of the Treasury,” did not repeal or modify the act in respect of the duties of the claimant as such disbursing agent, and that when he presented his account in the form of itemized vouchers, approved by the chairman of the commission, he was entitled to credit therefor; that the Comptroller in his revision of the account was limited in the discharge of his duties to the inquiry whether the amounts expended for the several objects named in the appropriation act exceeded the appropriation therefor, and whether such expenditures were itemized and approved by the chairman of the commission.
The two acts referred to became law on the same day, though it is evident that the second act referred to followed the first and that it was inserted in the appropriation act to remove any doubt which the first might otherwise have created as to the authority and duty of the accounting officers in respect of the audit of such accounts.
Had the first been omitted from the interstate-commerce act, there would have been no necessity for the second, as such accounts would then have been subject to audit and adjustment the same as the accounts of other officers of the Government.
We are, therefore, inclined to the opinion that while the language “that hereafter expenses of the Interstate Commerce Commission shall be audited by the proper accounting officers of the Treasury ” did not repeal the former act requiring the payment of such expenses to- be made “on the presentation of itemized vouchers therefor approved by the chairman of the commission,” it did nevertheless so modify it as to subject such expenses to audit “by the proper accounting officers of the Treasury,” and that such audit necessitates an examination as to the correctness and legality of such expenses, with such satisfactory proofs thereof as may be required by the accounting officers.
Thé alternative requirement of copies of telegrams, or if they were confidential, a certificate to that effect from the *356 chairman of the commission was not unreasonable, especially as but one certificate of that character appears to have been contemplated for each quarterly account.
The question before us is, Are the payments shown in the account to have been made to the several telegraph companies proper and legal charges against the Government?
The claimant’s statement of account being in the form prescribed by statute — i. e., “itemized vouchers therefor, approved by the chairman of the commission,” is prwna facie correct. The defendants do not controvert the fact of the expenditures therein shown to have been made under the direction of the commission, nor of the money paid into the Treasury; and, as under the circumstances of this case we have no reason to doubt the correctness or legality of such expenditures, the claimant is entitled to recover, and judgment will be entered accordingly.